## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE EQUAL RIGHTS CENTER**<br>a not-for-profit organization,<br>11 Dupont Circle, NW, Suite 400<br>Washington, DC 20036<br><br>          Plaintiff,<br>   vs.<br><br>**TRAMMELL CROW RESIDENTIAL COMPANY**<br>a Texas corporation,<br>Two Buckhead Plaza<br>3050 Peachtree Road, N.W., Suite 500<br>Atlanta, GA 30305<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED** |

## COMPLAINT FOR INJUNCTIVE AND
## DECLARATORY RELIEF, AND FOR DAMAGES

Plaintiff, the Equal Rights Center (the "ERC"), for its Complaint against Trammell Crow Residential Company ("TRAMMELL CROW"), alleges and states as follows:

1.      This action is brought by the ERC, by and through its counsel, under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619, and the Fair Housing Regulations, 24 C.F.R. Parts 100 to 125 (hereinafter collectively "Fair Housing Act" or "FHA"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12181, and the regulations implementing Title III of the Americans with Disabilities Act found at 28 C.F.R. Part 26 (hereinafter collectively "ADA") to enjoin and remedy ongoing and systemic violations of these civil rights laws by TRAMMELL CROW in the design, construction, control, management and/or ownership of covered multifamily dwellings, including residential complexes in Arizona, California, Colorado, Connecticut, Florida, Georgia, Louisiana, Maryland, Massachusetts, New Jersey, New

York, North Carolina, Oregon, South Carolina, Texas, Virginia, Washington, Wisconsin, and the District of Columbia. The ERC seeks to redress the civil rights violations at properties TRAMMELL CROW has designed, constructed, controlled, managed, and/or owned. TRAMMELL CROW's actions have excluded, and are continuing to exclude, persons with disabilities from access to TRAMMELL CROW properties.

2.     Pursuant to the FHA, every multifamily housing building containing four or more units, and built for first occupancy after March 13, 1991, is subject to the design and construction requirements of the FHA ("covered multifamily dwellings"). The FHA requires all ground floor units, and all units on any floor serviced by an elevator in a covered multifamily dwelling ("covered units"), as well as "public use and common use areas" associated with covered units, to contain certain features of minimum accessibility and "adaptable design," including:

      a.    public-use and common-use areas readily accessible to, and usable by, individuals with disabilities;

      b.    doors into and within covered units that are sufficiently wide to allow passage by persons with disabilities who use wheelchairs;

      c.    the following features of adaptable design:

            i)    an accessible route into and through the dwelling;

            ii)    usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space;

            iii)    light switches, electrical outlets, thermostats and other environmental controls in accessible locations; and

            iv)    reinforcements in bathroom walls that allow for the installation of grab-bars.

3.     Pursuant to the ADA, public-use facilities, such as rental and leasing offices at apartment complexes, parking lots, sidewalks and restrooms, built for first use after January 26, 1993, are subject to design and construction requirements that enable the full and equal

enjoyment of the services, facilities, privileges and accommodations of a place of public
accommodation by persons with disabilities, including:

     a.     routes from public transportation stops, accessible parking, and public
streets or sidewalks to buildings readily accessible to, and usable by,
individuals with disabilities;

     b.     minimum number of accessible parking spaces located adjacent to an
accessible entrance;

     c.     the following, non-exclusive, features of accessible design:

          i)     curb ramps accessible to persons in wheelchairs;

          ii)     entrances to public-use facilities wide enough to allow passage of
individuals with disabilities who use wheelchairs; and

          iii)     usable bathrooms such that an individual in a wheelchair can
maneuver about the space.

     4.     The United States Congress has made clear that enforcement of these civil rights
laws is necessary to protect people with disabilities from the "devastating" impact of housing
discrimination, including the "architectural barriers" erected by developers who fail to construct
dwellings and public accommodations accessible and adaptable to people with disabilities. *See*
U.S. House of Rep. Report on the FHAA, H.R. Rep. No. 100-711 (1988). Congress has declared
that such barriers, even if not the product of invidious intent, "can be just as devastating as
intentional discrimination." H.R. Rep. No. 100-711 at 25 (1988).

     5.     As described herein, TRAMMELL CROW has engaged in a continuous pattern
and practice of discrimination against persons with disabilities in violation of both the FHA and
the ADA by designing, constructing, controlling, managing, and/or owning covered multifamily
dwellings, and the common-use and public-use areas associated with those covered dwellings, in
such a manner as to deny persons with disabilities access to, and the use of, these facilities as
required under these federal civil rights laws.

## PARTIES

6.      Plaintiff ERC is a non-profit civil rights organization dedicated to identifying, challenging, and eliminating discrimination in housing, employment, public accommodations, and government services through education, research, testing, counseling, enforcement, and advocacy.  Moreover, the Equal Rights Center represents the interests of its approximately 150 individual public members, most of whom are persons with disabilities who have a direct interest in protecting the rights of persons of disabilities.  Plaintiff ERC's principal place of business is at 11 Dupont Circle, NW, Suite 400, Washington, DC, 20036.

7.      TRAMMELL CROW is a corporation organized under the laws of the State of Texas, with its principle executive offices located at 3500 Peachtree Road, N.W., Suite 500, Atlanta, Georgia 30305.  TRAMMELL CROW is a diversified real estate company that, among other business activities, designs, constructs, controls, manages, and/or owns covered multifamily housing dwellings located across the United States.  TRAMMELL CROW maintains publicly accessible websites including those available at http://www.TRAMMELL CROWesidential.com.  On information and belief, TRAMMELL CROW conducts some of its business operations through a variety of controlled entities, including single purpose entities such as subsidiaries, limited liability corporations, and limited liability partnerships which TRAMMELL CROW owns and/or controls.

8.      Through design, construction, control, management, and/or ownership, TRAMMELL CROW has been and/or is involved in at least one hundred seventy-two covered multifamily housing complexes in Arizona, California, Colorado, Connecticut, Florida, Georgia, Louisiana, Maryland, Massachusetts, New Jersey, New York, North Carolina, Oregon, South Carolina, Texas, Virginia, Washington, Wisconsin, and the District of Columbia.  For purposes

4

of this Complaint, TRAMMELL CROW properties that are subject to the FHA and/or the ADA, are referred to as the "Subject Properties." Attached as Addendum A to this Complaint is a list of the one hundred seventy Subject Properties identified to date. The ERC has identified these Subject Properties through on-site inspections, TRAMMELL CROW websites and publications, and other public records.

9.      The ERC has identified and is investigating one hundred twelve additional properties currently or formerly designed, constructed, managed operated and/or owned by TRAMMELL CROW. These additional properties, that may be Subject Properties, are listed on Addendum B to this Complaint.

10.      As a result of TRAMMELL CROW's unlawful conduct complained of herein, the ERC has been damaged by the frustration of its overall mission, as described in Paragraph 6, and by having to divert its scarce resources to identifying, investigating and counteracting TRAMMELL CROW's discriminatory policies and practices. Moreover, as a result of TRAMMELL CROW's unlawful conduct, the ERC's public members, most of whom are persons with disabilities, have been injured.

## JURISDICTION AND VENUE

11.      This Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, and 42 U.S.C. §§ 3613(a) and 12188. Further, this Court may exercise personal jurisdiction over TRAMMELL CROW.

12.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because TRAMMELL CROW may be found in this District. Venue also is proper because some of the actions and omissions giving rise to the claims herein occurred in this District, and some of the Subject Properties that are the subject of this action are located in this District.

## **BACKGROUND**

13.     The ERC became aware several years ago that a large number of new multifamily housing complexes were being constructed in the greater Washington, D.C. area that did not include the required elements of accessibility and adaptable design.  Thereafter, the ERC visited a number of TRAMMELL CROW properties in the greater Washington, DC area and discovered FHA and ADA violations in the design and construction of those properties.

14.     As a result of the discovery of these violations by TRAMMELL CROW in the greater Washington, D.C. area, the ERC diverted resources, including funding and staff members' time, from the pursuit of its overall mission, including outreach, education, intake, and counseling, in order to conduct nationwide testing and investigation of TRAMMELL CROW properties.  The ERC tested forty-two of the Subject Properties in the States of Colorado, Florida, Georgia, Massachusetts, Maryland, North Carolina, Oregon, Texas, Washington, and the District of Columbia (the "Tested Properties") over a period of no less than seven months.  The Tested Properties are indicated in Addendum A with an asterisk (*).

15.     The Tested Properties are subject to the prohibitions on discrimination set forth in 42 U.S.C. § 3604(f)(1)-(2), and the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA because the properties include "covered multifamily dwellings" within the meaning of the FHA, 42 U.S.C. § 3604(f)(7)(A), and were built for first occupancy after March 13, 1991.

16.     Forty-one of the forty-two Tested Properties were constructed for first occupancy or remodeled after January 26, 1993, and are subject to the prohibition on discrimination in 42 U.S.C. §12182(a) of the ADA, and to the design and construction requirements of 42 U.S.C. § 12183(a)(1) of the ADA and the applicable regulations at 28 C.F.R. Part 26.  Each of the Tested Properties have rental and leasing offices, and facilities and accommodations appurtenant to the offices, including parking, sidewalks and restrooms, which constitute "public accommodations" within the meaning of the ADA, 42 U.S.C. § 12181(7).

17.     The ERC identified at least one FHA or ADA violation, and in most cases multiple violations, at each of the Tested Properties. The frequency and similarity of these violations demonstrate that TRAMMELL CROW has engaged in a pervasive pattern and practice of designing, constructing, controlling, managing, and/or owning apartment properties in violation of FHA and ADA accessibility design requirements. The ERC anticipates that further investigation and discovery will identify additional FHA and ADA violations at the Tested Properties.

18.     By way of example, covered dwelling units in the Tested Properties subject to FHA design and construction requirements exhibited, with varying frequency by complex, the following violations:

      a.     doors in units that are not sufficiently wide so as to allow passage into kitchens, bathrooms, bedrooms and other areas in the units by persons in wheelchairs;

      b.     units that do not provide an accessible route into and through the unit, including access to patios, balconies and other outside areas;

      c.     bathrooms that do not have sufficient clear floor space so as to allow a person in a wheelchair to maneuver about the space;

      d.     kitchens that do not have sufficient clear floor space so as to allow a person in a wheelchair to maneuver about the space;

      e.     light switches, electrical outlets, thermostats and other environmental controls that are not located in accessible locations; and

      f.     bathroom walls that are not reinforced to allow for the installation of grab bars.

19.     Many of the Tested Properties also violate FHA accessibility requirements because the common areas used by residents were not designed and constructed in such manner that they are readily accessible to, and usable by, persons with disabilities. By way of example, some of the violations in the common areas of the Tested Properties include the following:

7

    a.      lack of accessible routes into and through common use and public use areas, including a lack of accessible routes to patios, balconies and other outside facilities;

    b.      environmental controls, electrical switches, and alarms placed at heights that make them inaccessible to persons in wheelchairs;

    c.      obstructed curb cuts and parking;

    d.      inaccessible ramp routes; and

    e.      a lack of designated accessible parking spaces.

20.    Many of the Tested Properties also violate the accessibility requirements of the ADA, as well as the FHA, because the rental and leasing offices, including facilities and accommodations appurtenant to the offices that are areas of public use, are not readily accessible to, and usable by, persons with disabilities.  By way of example, public use area violations include the following:

    a.      rental offices located up stairs, or served by inaccessible ramp routes;

    b.      a lack of reserved and accessible parking; and

    c.      a lack of an accessible route from the parking area to the rental and leasing office, and/or an accessible entrance to the office.

21.    The following specific examples are illustrative of TRAMMELL CROW's pattern and practice of FHA and ADA violations:

## TRAMMELL CROW Reserve at Thornton

22.    The TRAMMELL CROW Reserve at Thornton, in Thornton, Colorado, is a covered multifamily housing complex that consists of 276 units in garden-style buildings that was completed in 2005.  The ERC observed or discovered the following violations, without limitation, at the Reserve at Thornton Apartments:

    a.      stairs and curbs acting as barriers in route to units;

    b.      interior doors too narrow to allow passage of by persons in wheelchairs;

    c.      door thresholds so high as to act as a barrier to a person in a wheelchair;

     d.     environmental controls too high to be accessible to persons in wheelchairs.

## TRAMMELL CROW Thorncroft

23.     The TRAMMELL CROW Thorncroft, in Hillsboro, Oregon, is a covered multifamily housing complex that consists of 396 units in garden-style buildings that was completed in 1998. The ERC observed or discovered the following violations, without limitation, at the Thorncroft Apartments:

     a.     insufficient clear space between obstructions in kitchens;

     b.     insufficient clear floor space to allow persons in wheelchairs to use bathrooms;

## TRAMMELL CROW Reserve at Northglenn

24.     The TRAMMELL CROW Reserve at Northglenn, in Northglenn, Colorado, is a covered multifamily housing complex that consists of 224 units in garden-style buildings that was completed in 2001. The ERC observed or discovered the following violations, without limitation, at the Reserve at Northglenn Apartments:

     a.     interior doors too narrow to allow passage of a wheelchair;

     b.     door thresholds so high as to act as a barrier to a person in a wheelchair.

## TRAMMELL CROW Mass Court Apartments

25.     The TRAMMELL CROW Mass Court Apartments, in Washington, D.C., is a covered multifamily housing complex that consists of 371 units in high rise buildings serviced by elevators that was completed in 2004. The ERC observed or discovered the following violations, without limitation, at the Mass Court Apartments:

     a.     insufficient clear floor space to allow persons in wheelchairs to use the kitchens;

     b.     insufficient clear space to allow persons in wheelchairs to use the bathrooms;

     c.     electrical outlets too low to be accessible to persons in wheelchairs;

     d.     environmental controls too high to be accessible to persons in wheelchairs.

**TRAMMELL CROW Vinings at Hunter's Green**

26.     The TRAMMELL CROW Vinings at Hunter's Green, in Tampa, Florida, is a covered multifamily housing complex that consists of 240 units in garden-style buildings that was completed in 1995.  The ERC observed or discovered the following violations, without limitation, at the Vinings at Hunter's Green:

       a.     absence of protective barriers on exposed stairs;

       b.     interior doors too narrow to allow passage of persons in wheelchairs;

       c.     insufficient clear floor space to allow a persons in wheelchairs to use the bathrooms;

       d.     electrical switches too high to be accessible to persons in wheelchairs;

       e.     environmental controls too high to be accessible to persons in wheelchairs.

**TRAMMELL CROW Vinings at Del Ray Beach**

27.     The TRAMMELL CROW Vinings at Del Ray Beach, in Del Ray Beach, Florida, is a covered multifamily housing complex that consists of 228 units in garden-style buildings that was completed in 1996.  The ERC observed or discovered the following violations, without limitation, at the Vinings at Del Ray Beach:

       a.     absence of protective barriers on exposed stairs;

       b.     interior doors too narrow to allow passage of persons in wheelchairs;

       c.     insufficient clear floor space to allow persons in wheelchairs to use the kitchens;

       d.     insufficient clear floor space in u-shaped kitchens;

**TRAMMELL CROW Alexan Buckhead**

28.     The TRAMMELL CROW Alexan Buckhead, in Atlanta, Georgia, is a covered multifamily housing complex that consists of 256 units in garden-style buildings, serviced by elevators, that was completed in 2002.  The ERC observed or discovered the following violations, without limitation, at the Alexan Buckhead:

       a.     door thresholds so high as to act as a barrier to a person in a wheelchair;

b.      insufficient clear floor space to allow persons in wheelchairs to use the kitchens;

c.      insufficient clear floor space to allow persons in wheelchairs to use the bathrooms;

d.      environmental controls too high to be accessible to persons in wheelchairs.

### TRAMMELL CROW Alexan Lenox

29.     The TRAMMELL CROW Alexan Lenox, in Atlanta, Georgia, is a covered multifamily housing complex that consists of 305 units in a high rise building, serviced by an elevator, that was completed in 2005.  The ERC observed or discovered the following violations, without limitation, at the Alexan Lenox:

a.      door thresholds so high as to act as a barrier to a person in a wheelchair;

b.      insufficient clear floor space in u-shaped kitchens;

c.      electrical outlets too low to be accessible to persons in wheelchairs.

### TRAMMELL CROW Park Lane Seaport

30.     The TRAMMELL CROW Park Lane Seaport, in Boston, Massachusetts, is a covered multifamily housing complex that consists of 465 units in high rise buildings, serviced by elevators, that was completed in 2005 and 2006.  The ERC observed or discovered the following violations, without limitation, at the Park Lane Seaport:

a.      no accessible parking for leasing office;

b.      insufficient clear floor space to allow persons in wheelchairs to use the kitchens;

c.      insufficient clear floor space to allow persons in wheelchairs to use the bathrooms.

**TRAMMELL CROW Huntington at King Farm**

31.     The TRAMMELL CROW Huntington at King Farm, in Rockville, Maryland, is a covered multifamily housing complex that consists of 843 units in garden-style buildings that was completed in 2000.  The ERC observed or discovered the following violations, without limitation, at the Huntington at King Farm:

        a.     insufficient clear floor space in u-shaped kitchens;

        b.     insufficient clear floor space to allow persons in wheelchairs to use the bathrooms;

        c.     environmental controls and electrical switches too high to be accessible to persons in wheelchairs.

**TRAMMELL CROW Mariner's Crossing**

32.     The TRAMMELL CROW Mariner's Crossing, in Raleigh, North Carolina, is a covered multifamily housing complex that consists of 306 units in garden-style buildings that was completed in 1995.  The ERC observed or discovered  the following violations, without limitation, at the Mariner's Crossing:

        a.     insufficient clear floor space in public area bathroom;

        b.     interior doors too narrow to allow passage of persons in wheelchairs;

        c.     door thresholds so high as to act as a barrier to a person in a wheelchair;

        d.     environmental controls too high to be accessible to persons in wheelchairs.

**TRAMMELL CROW Alta Springs**

33.     The TRAMMELL CROW Alta Springs, in Chapel Hill, North Carolina, is a covered multifamily housing complex that consists of 300 units in garden-style buildings that was completed in 1998.  The ERC observed or discovered the following violations, without limitation, at Alta Springs:

        a.     absence of protective barriers on exposed stairways;

        b.     stairs acting as barriers to accessible route to units;

        c.     door thresholds so high as to act as a barrier to a person in a wheelchair;

d.      insufficient clear floor space to allow persons in wheelchairs to use the bathrooms;

e.      environmental controls and electrical switches too high to be accessible to persons in wheelchairs

f.      electrical outlets too low to be accessible to persons in wheelchairs.

## TRAMMELL CROW Alexan Place at South Square

34.     The TRAMMELL CROW Alexan Place at South Square, in Durham, North Carolina, is a covered multifamily housing complex that consists of 508 units in garden-style buildings that was completed in 2005.  The ERC observed or discovered the following violations, without limitation, at Alexan Place at South Square:

a.      interior doors too narrow to allow passage of persons in wheelchairs;

b.      door thresholds so high as to act as a barrier to a person in a wheelchair;

c.      environmental controls too high to be accessible to persons in wheelchairs.

## TRAMMELL CROW Mayfield Park

35.     The TRAMMELL CROW Mayfield Park, in Arlington, Texas, is a covered multifamily housing complex that consists of 240 units in garden-style buildings that was completed in 2000.  The ERC observed or discovered the following violations, without limitation, at Mayfield Park:

a.      interior doors too narrow to allow passage of persons in wheelchairs;

b.      door thresholds so high as to act as a barrier to a person in a wheelchair;

c.      insufficient clear floor space to allow persons in wheelchairs to use kitchens;

## TRAMMELL CROW Mission at La Villita

36.     The TRAMMELL CROW Mission at La Villita, in Irving, Texas, is a covered multifamily housing complex that consists of 360 units in garden-style buildings that was completed in 2005. The ERC observed or discovered the following violations, without limitation, at Mission at La Villita:

    a.     interior doors too narrow to allow passage of persons in wheelchairs;

    b.     door thresholds so high as to act as a barrier to a person in a wheelchair;

    c.     environmental controls too high to be accessible to persons in wheelchairs;

    d.     electrical outlets too low to be accessible to persons in wheelchairs.

## PATTERN AND PRACTICE AMONG SUBJECT PROPERTIES

37.     Upon information and belief, TRAMMELL CROW participated in the design, construction, control, management, and/or ownership of each of the Subject Properties.

38.     In addition to the testing of the forty-two Tested Properties, the ERC has obtained and examined floor plans published by TRAMMELL CROW for each unit type in the Subject Properties. On information and belief, the Subject Properties share relevant common elements of design, demonstrating a pattern and practice of common design and construction. Moreover, while not reflecting each detailed element of design, these published floor plans demonstrate commonality at least among bathrooms and kitchen designs, and possibly among other design elements among the Subject Properties.

39.     The floor plans also demonstrate common design elements between the Tested Properties and the remaining untested Subject Properties. Common design elements among the Tested Properties and untested Subject Properties range from the use of common bathroom or kitchen designs, to virtually identical floor plans in numerous complexes. By way of example and without limitation:

    a.     Four Tested Properties— Park Lane Seaport, Mass Court, The Residences
           at the Park Hyatt, and Alexan Farms—share common design elements in
           some of the bathrooms of their units, with the bathroom units of forty of

the untested Subject Properties. Each of these properties utilizes a common bathroom design that places the toilet and sink in a small alcove adjacent to the bath tub. This common design results in inadequate distances between facilities in these bathrooms making them inaccessible to persons in wheelchairs.

b.    Six Tested Properties— Park at Mill Plains, Dunhill Trace, Alexan North Hills, The Towns of Chapel Hill, Huntington at King Farm, and Lenox at Patterson Place—share common design elements in the bathrooms of their units, and with the bathroom units of sixty-nine of the untested Subject Properties. This design provides for a roughly square room with length and width equal to the length of a standard bath tub. In each, this common design results in inadequate distances between facilities in these bathrooms making them inaccessible to persons in wheelchairs.

c.    Six Tested Properties—10th at Hoyt, Mayfield Park, Park Lane Seaport, The Towns of Chapel Hill, Alexan Farm, and Sycamore Green—share common design elements in the kitchens of their units, and with the kitchens of no less than fifty-eight of the untested Subject Properties. "Galley" kitchens with this design do not allow sufficient clearances so as to allow a person in a wheelchair to maneuver about and use the facilities.

d.    Five Tested Properties—Alexan Lenox, Vinings at Del Ray Beach, The Merrick, Alexan North Hills and Huntington at King Farm—share common design elements in the kitchens of some of their units, and with the kitchens of twenty-two of the untested Subject Properties. "U-shaped" kitchens with this design do not allow sufficient clearances so as to allow a person in a wheelchair to maneuver about and use the facilities.

e.    One Tested Property—Legacy Point—shares common design elements in the kitchens of some of its units, and with the kitchens of eighteen of the

untested Subject Properties. "L-shaped" kitchens with this design do not allow sufficient clearances so as to allow a person in a wheelchair to maneuver about and use the facilities.

f.     One Tested Property—Lansbrooke Village—shares common design elements in the kitchens of some of its units, and with the kitchens of seventeen of the untested Subject Properties. "L-shaped" kitchens with islands with this design do not allow sufficient clearances so as to allow a person in a wheel chair to maneuver about and use the facilities.

40.     As demonstrated by the existence of violations at each of the Tested Properties and the common design elements at the Tested Properties and the untested Subject Properties, upon information and belief, TRAMMELL CROW's continuing pattern and practice of design and construction have resulted in violations at each of the Subject Properties.

41.     TRAMMELL CROW's violations are continuing, ongoing and demonstrate a pervasive pattern and practice of systemic and continuous FHA and ADA violations over several years. TRAMMELL CROW has repeatedly and continually failed to design and construct covered multifamily dwellings, including their public and common use areas, in accordance with the requirements of 42 U.S.C. § 3604(f)(3)(C), 42 U.S.C. § 12183(a)(1), and the applicable regulations. By way of example:

a.     TRAMMELL CROW was involved in the design, construction, control management, and/or ownership of six of the Tested Properties from 1995 through 2006, as follows:

| Property Name | Date(s) Built |
| --- | --- |
| Dunhill Trace | 1995 |
| Park at Mill Plains | 1996 and 1997 |
| The Towns of Chapel Hill | 1998 |
| Huntington at King Farm | 2000 |
| Lenox at Patterson Place | 2001 |

16

Alexan North Hills                2005 and 2006

Each of these Tested Properties utilizes a common bathroom design as described in Paragraph 39(b) that makes the width of the room equal to the length of the bathtub, and arranges the bathtub, the toilet, and the lavatory in sequence along a single wall.  This common design results in inadequate distances between facilities in these bathrooms making them inaccessible to persons in wheelchairs.  An additional sixty-nine of the Subject Properties built at various times utilize this same design in bathrooms of their two bedroom units.

b.    Similarly, TRAMMELL CROW was involved in the design, construction, control management, and/or ownership of six of the Tested Properties from 1998 through 2005 as follows:

| **Property Name** | **Date(s) Built** |
| --- | --- |
| The Town of Chapel Hill | 1998 |
| Mayfield Park | 2000 |
| Alexan Farm | 2000 |
| Sycamore Green | 2003 |
| 10th & Hoyt | 2004 |
| Park Lane Seaport | 2005 |

Each of these Tested Properties utilizes a common kitchen design as described in Paragraph 39(c).  Again, this common design results in inadequate distances between facilities in these kitchens, making them inaccessible to persons in wheelchairs.  An additional fifty-eight of the Subject Properties, built at various times, utilize this same design in their kitchens.

42.    Some of the Subject Properties that constitute part of TRAMMELL CROW's pattern and practice of designing and constructing inaccessible multifamily dwellings have been

17

completed within two years of the filing of this Complaint. These properties are identified in
Addendum A with a pound ("#") symbol.

43.    In carrying out the aforementioned actions, TRAMMELL CROW acted
intentionally and willfully, and with callous and reckless disregard of the FHA and ADA, as well
as the rights of persons with disabilities to accessible housing.

## INJURY TO PLAINTIFF

44.    As a result of TRAMMELL CROW's actions described above, the ERC has been
directly and substantially injured in that it has been frustrated in the pursuit of its overall mission
of identifying, challenging, and eliminating discrimination in housing, employment, public
accommodations, and government services through education, research, testing, counseling,
enforcement, and advocacy.

45.    TRAMMELL CROW's continuing discriminatory practices also have forced the
ERC to divert scarce resources to a lengthy investigation aimed at identifying and counteracting
TRAMMELL CROW's discriminatory practices, and such practices have frustrated the ERC's
other efforts against discrimination, causing the ERC to suffer a concrete and demonstrable
injury.

46.    In addition to and independent of the injuries stated above in Paragraphs 44 and
45, as a result of TRAMMELL CROW's wrongful conduct complained of herein, the ERC's
individual public members, most of whom are disabled persons living proximate to one or more
Subject Properties, have been damaged by TRAMMELL CROW's denial of access to its
dwelling units, common-use areas, and public-use areas.

47.    Until remedied, TRAMMELL CROW's unlawful, discriminatory actions will
continue to injure the ERC by, *inter alia*:

a.     frustrating the ERC's mission and purpose of promoting the equal availability of housing to all persons without regard to any protected category, including disability;

b.     requiring the commitment of scarce ERC resources, including substantial staff time and funding, to investigate and counteract TRAMMELL CROW's discriminatory conduct, thus diverting those resources from the ERC's other activities and services, such as education, outreach, and counseling; and

c.     injuring the rights and interests of the ERC's individual public members who have disabilities.

**FIRST CLAIM FOR RELIEF**
**(FHA Violations)**

48.    Plaintiff adopts and realleges the allegations in Paragraphs 1 through 47.

49.    Each of the Subject Properties is a covered multifamily dwelling subject to the FHA. At the Subject Properties, each of the ground-floor units in all buildings, and all units in buildings on floors serviced by an elevator, is a "covered unit" within the meaning of the FHA. Each "covered unit" at the Subject Properties, and the public and common use areas at the Subject Properties, is subject to the design and construction requirements of the FHA, 42 U.S.C. § 3604(f)(3)(C).

50.    On information and belief, each of the Subject Properties violates the FHA, by incorporating some or all of the following features, among other things:

a.     public-use and common-use areas are not readily accessible to, and usable by, individuals with disabilities;

b.     doors into and within covered units are insufficiently wide to allow passage by persons with disabilities who use wheelchairs;

19

    c.    covered units do not contain some or all of the following features of adaptable design:

        i)    an accessible route into and through the dwelling;

        ii)    usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space;

        iii)    light switches, electrical outlets, thermostats and other environmental controls in accessible locations; and

        iv)    reinforcements in bathroom walls that allow for the installation of grab-bars.

51.    Through its design, construction, control, management, and/or ownership of the Subject Properties, TRAMMELL CROW has:

    a.    discriminated in the rental or sale of, otherwise made unavailable, or denied dwellings to persons because of their disabilities in violation of the FHA, 42 U.S.C. § 3604(f)(1);

    b.    discriminated against persons because of their disabilities in the terms, conditions, or privileges of rental or sale of a dwelling, or in the provision of services or facilities in connection with the rental or sale of a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(2); and

    c.    failed to design and construct dwellings in compliance with the requirements mandated by the FHA, 42 U.S.C. § 3604(f)(3), and the applicable regulations.

52.    The actions complained of constitute a continuing pattern and practice of repeated and continuing FHA violations in that TRAMMELL CROW has engaged in a systematic and consistent discriminatory pattern and practice of designing and constructing covered multifamily dwellings in violation of FHA requirements.

53.    TRAMMELL CROW's conduct has been intentional, willful and taken in disregard for the rights of others.

54.    As a result of TRAMMELL CROW's unlawful conduct, the ERC, both in its own right, and as a representative of its individual members with disabilities, has been injured by a discriminatory housing practice and is, therefore, an "aggrieved person," as defined by the FHA, 42 U.S.C. § 3602(i)(1).

55.    Because TRAMMELL CROW's described unlawful activities are continuing, the ERC is entitled under Section 3613(a)(1) of the FHA to temporary and permanent injunctive relief, enjoining TRAMMELL CROW, from participating in designing and/or constructing -- including the acquisition of any building or construction permits, or certificates of occupancy -- any covered multifamily housing and common areas that fail to fully comply with the FHA and the applicable regulations.

56.    On information and belief, as part of its on-going business plans, TRAMMELL CROW anticipates, or is in the process of, selling certain of its residential facilities, including covered units.

57.    To the extent that such sales continue, the ERC is irreparably harmed, and this Court's ability to render a meaningful judgment after a trial of this matter is frustrated.  As a result, this Court may, and should, order temporary injunctive relief prohibiting the sale by TRAMMELL CROW of any apartment or condominium complex containing a covered unit, or any individual covered unit, until the entry of final relief herein, including such retrofit alteration to covered units as may be ordered by the Court.

## SECOND CLAIM FOR RELIEF
### (ADA Violations)

58.    Plaintiff adopts and realleges the allegations in Paragraphs 1 through 57.

59.    The rental and leasing offices at the Subject Properties, and the features and accommodations appurtenant to these offices, are sales or rental establishments, the operations of which affect commerce, and are "public accommodations" as defined by the ADA, 42 U.S.C. § 12181(7).

60.     On information and belief, each of the Subject Properties violate the ADA because their rental and leasing offices, and the appurtenant parking, sidewalks and restrooms at those offices, are designed and constructed in such a manner that the facilities are not readily accessible to, and usable by, individual with disabilities.

61.     Through its design, construction, control, management, and/or ownership of the Subject Properties, TRAMMELL CROW has:

        a.     discriminated against individuals with disabilities in the full and equal enjoyment of the services, facilities, privileges and accommodations of a place of public accommodation, in violation of the ADA, 42 U.S.C. § 12182(a); and

        b.     failed to design and construct or remodel public accommodations in compliance with the requirements of the ADA, 42 U.S.C. § 12183(a)(1) and (2), and the applicable regulations.

62.     The actions complained of constitute a pattern and practice of repeated and continuing violations of the ADA in that TRAMMELL CROW has engaged in a systematic and consistent discriminatory practice of designing and constructing the rental offices and the appurtenant parking, sidewalks and restrooms at those rental offices in violation of the requirements of the ADA, and the applicable regulations.

63.     The actions of TRAMMELL CROW complained of here have the effect of denying the ERC's disabled individual public members, as well as that segment of the general public with disabilities, access to the rental offices and the appurtenant parking, sidewalks and restrooms at those rental offices at the Subject Properties.

64.    The ERC is an "aggrieved person" and this Court is entitled to grant such relief it considers appropriate pursuant to 42 U.S.C. § 12188(b)(2)(B), including temporary and permanent injunctive relief and damages, as a result of TRAMMELL CROW's wrongful conduct.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Equal Rights Center, respectively prays that this Court grant it judgment in its favor, and against TRAMMELL CROW as follows:

A.    Declaring, pursuant to 28 U.S.C. §§ 2201, that TRAMMELL CROW's practices and actions, as alleged herein, violate the FHA, the ADA, and the applicable regulations;

B.    Enjoining TRAMMELL CROW, its officers, directors, employees, agents, successors, assigns, and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

1.    designing and constructing, including the acquisition of any building or construction permits, or certificates of occupancy, any covered multifamily housing and/or common areas that, in any way, fail to comply with the FHA and the applicable regulations;

2.    selling any apartment or condominium complex containing a covered unit, or any individual covered dwelling unit, until the entry of final relief herein, or until the completion of such retro-fit alteration to covered units as may be ordered by the Court;

23

      3.       failing or refusing to bring the covered dwelling units and the public use and common use areas at the Subject Properties into immediate compliance with the requirements of the FHA, 42 U.S.C. § 3604(f)(3)(C);

      4.       failing or refusing to bring the public use and common use areas at the Subject Properties into immediate compliance with the requirements of the ADA, 42 U.S.C. §§ 12182-83; and

      5.       failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with the FHA, the ADA, and the applicable regulations.

C.     Awarding such damages as would fully compensate the ERC for the injuries incurred as a result of TRAMMELL CROW's discriminatory housing practices and conduct;

D.     Awarding such punitive damages as against TRAMMELL CROW as are proper under the law;

E.     Awarding the ERC its costs and attorneys' fees incurred herein; and

F.     Awarding the ERC such other relief as this Court deems just and proper.

Respectfully Submitted,

Washington Lawyers' Committee
For Civil Rights and Urban Affairs
Isabelle Thabault (DC Bar # 16600)
Donald L. Kahl (DC Bar # 489472)

By: _____
        Donald L. Kahl
        (DC Bar # 489472)
        Don_Kahl@washlaw.org

11 Dupont Circle, NW, Suite 400
Washington, DC 20036
Tel: (202) 319-1000
Fax: (202) 319-1010

Crowell & Moring LLP
Peter B. Work (DC Bar # 33654)
Monica M. Welt (DC Bar # 481794)
April M. Nelson ( DC Bar # 500488)

By: _____
        Peter B. Work
        (DC Bar # 33654)
        pwork@crowell.com

1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Plaintiff
The Equal Rights Center

Dated: July 9, 2007

**Addendum A To Complaint:**
**Subject Properties**

_Note_:  *Tested properties are marked with an \*.*
*Properties that have been completed within the past two years are marked with a #.*

## Arizona

| | | |
|---|---|---|
| 1. | Alexan Lyon's Gate | Gilbert |
| 2. | Alexan Westgate # | Glendale |
| 3. | Alexan Palm Valley | Goodyear |
| 4. | Alexan Bella Vista | Peoria |
| 5. | Alexan Paradise Lane | Peoria |
| 6. | San Simeon Apartments | Phoenix |
| 7. | Alexan Frank Lloyd Wright | Scottsdale |

## California

| | | |
|---|---|---|
| 8. | Alexan Bellecour | Lake Forest |
| 9. | Toscana at Empire Lakes | Rancho Cucamonga |

## Colorado

| | | |
|---|---|---|
| 10. | Allison Pointe | Arvada |
| 11. | Sterling Park | Brighton |
| 12. | Reserve at Castle Highlands* | Castle Rock |
| 13. | Gold Mountain Village* | Central City |
| 14. | Champions at Norwood | Colorado Springs |
| 15. | Diamond at Prospect # | Denver |
| 16. | Alexan City Center | Englewood |
| 17. | Centennial East | Englewood |
| 18. | Centergate Greenwood Plaza | Englewood |
| 19. | Centergate Greenwood Park | Englewood |
| 20. | Reserve at South Creek | Englewood |
| 21. | Buffalo Run | Fort Collins |
| 22. | Bull Run | Fort Collins |
| 23. | Country Ranch | Fort Collins |
| 24. | Bridgwater | Greenwood Village |
| 25. | Marston Pointe | Lakewood |
| 26. | Cloverbasin Village | Longmont |
| 27. | Quail Village | Longmont |
| 28. | Reserve at Centerra | Loveland |
| 29. | Waterford Place | Loveland |
| 30. | Greens of Northglenn | Northglenn |

| | | |
|---|---|---|
| 31. | Reserve at Northglenn* | Northglenn |
| 32. | Reserve at Thornton* [#] | Thornton |

## Connecticut

| | | |
|---|---|---|
| 33. | The Ledges Apartments | Groton |
| 34. | Merritt River Apartments | Norwalk |

## District of Columbia

| | | |
|---|---|---|
| 35. | Mass Court Apartments* | Washington |
| 36. | The Residences at Park Hyatt* | Washington |

## Florida

| | | |
|---|---|---|
| 37. | Alexan at Crescent Place | Brandon |
| 38. | Citation Club* | Delray Beach |
| 39. | Vinings at Delray* | Delray Beach |
| 40. | Legacy on the Bay | Destin |
| 41. | Legacy at Fort Clarke | Gainesville |
| 42. | Homestead Colony | Homestead |
| 43. | Alexan at Legacy Dunes | Kissimmee |
| 44. | Congress Park | Lake Worth |
| 45. | Da Vinci at Coral Gables | Miami |
| 46. | Portofino at Biscayne | Miami |
| 47. | Alexan Club at MetroWest | Orlando |
| 48. | Buena Vista Point | Orlando |
| 49. | Centergate Baldwin Park | Orlando |
| 50. | Parks at Hunter's Creek | Orlando |
| 51. | Vinings at Westwood | Orlando |
| 52. | Centergate Lansbrook Village* | Palm Harbor |
| 53. | Alexan Back Beach | Panama City Beach |
| 54. | Vinings at Hunter's Green* | Tampa |
| 55. | Buena Vista Place | Windermere |

## Georgia

| | | |
|---|---|---|
| 56. | Alexan Buckhead* | Atlanta |
| 57. | Alexan Lenox* [#] | Atlanta |
| 58. | Alta Inman Park | Atlanta |
| 59. | Arbor Hills | Atlanta |
| 60. | Brookwood Valley* | Atlanta |
| 61. | Ovation at Buckhead Plaza [#] | Atlanta |

27

| | | |
|---|---|---|
| 62. | Woodberry Village | Decatur |
| 63. | One Vinings Mountain [#] | Vinings |

## Louisiana

| | | |
|---|---|---|
| 64. | Bluebonnet Ridge | Baton Rouge |
| 65. | Jefferson Lakes | Baton Rouge |
| 66. | Siegen Village | Baton Rouge |
| 67. | St. Jean | Baton Rouge |
| 68. | Magnolia Crossing | Gonzales |
| 69. | West Chase Apartments | Harvey |

## Maryland

| | | |
|---|---|---|
| 70. | Avalon Village Green* | Pikesville |
| 71. | The Huntington at King Farm* | Rockville |
| 72. | The Enclave | Silver Spring |

## Massachusetts

| | | |
|---|---|---|
| 73. | Park Lane Seaport* [#] | Boston |
| 74. | Dexter Park | Brookline |
| 75. | Alexan Pembroke Woods | Pembroke |

## New Jersey

| | | |
|---|---|---|
| 76. | Pier House Condominiums | Jersey City |
| 77. | The Plaza at Morristown | Morristown |
| 78. | Summit | Mount Laurel |

## New York

| | | |
|---|---|---|
| 79. | Clayton Park | White Plains |

## North Carolina

| | | |
|---|---|---|
| 80. | Alta Springs* | Chapel Hill |
| 81. | Autumn Park* | Charlotte |
| 82. | Courtney Ridge* | Charlotte |
| 83. | Sycamore Green* [#] | Charlotte |
| 84. | Alexan Farms* | Durham |

| | | |
|---|---|---|
| 85. | Alexan Place at South Square* [#] | Durham |
| 86. | Alta Crest (Lenox at Patterson Place)* | Durham |
| 87. | Station Nine* [#] | Durham |
| 88. | Forest Hills | Hickory |
| 89. | Legends at Forest Hills | Hickory |
| 90. | Waterford Place Apartments | Hickory |
| 91. | Alexan Brier Creek | Raleigh |
| 92. | Alexan North Hills* [#] | Raleigh |
| 93. | Dunhill Trace* | Raleigh |
| 94. | 222 Glenwood [#] | Raleigh |
| 95. | Mariners Crossing* | Raleigh |

**Oregon**

| | | |
|---|---|---|
| 96. | Waterhouse Place | Beaverton |
| 97. | The Colonnade | Hillsboro |
| 98. | Thorncroft Farms* | Hillsboro |
| 99. | Verandas at Hazel Grove* | Hillsboro |
| 100. | 10th @ Hoyt* | Portland |
| 101. | Deveraux Glen [#] | Portland |
| 102. | The Frank Estate | Portland |
| 103. | RiverPlace Square* | Portland |
| 104. | The Merrick* | Portland |
| 105. | Forest Rim Apartments | Tualatin |

**South Carolina**

| | | |
|---|---|---|
| 106. | Vista Sands [#] | Summerville |

**Texas**

| | | |
|---|---|---|
| 107. | Legacy Point* | Arlington |
| 108. | Mayfield Park* | Arlington |
| 109. | Alexan City Lights | Austin |
| 110. | Alexan Cityview | Austin |
| 111. | Alexan Miramont | Austin |
| 112. | Alexan Onion Creek [#] | Austin |
| 113. | Alexan Rattan Creek | Austin |
| 114. | Centergate Treetops | Austin |
| 115. | Highlands Hill Country | Austin |
| 116. | The Park at Summers Grove [#] | Austin |
| 117. | The Village at Collinwood | Austin |
| 118. | The Villages of Bella Vista [#] | Austin |
| 119. | Alexan Silverado | Cedar Park |

| | | |
|---|---|---|
| 120. | Park at Piney Woods [#] | Conroe |
| 121. | LaSalle Apartments* | Dallas |
| 122. | Alexan Deer Park | Deer Park |
| 123. | Mustang Ridge* | Grapevine |
| 124. | Verde Riverwalk* [#] | Grapevine |
| 125. | Alexan Bunker Hill [#] | Houston |
| 126. | Alexan Cityside [#] | Houston |
| 127. | Alexan Gulf Pointe | Houston |
| 128. | Alexan Heights (*aka* Midtown Heights) | Houston |
| 129. | Alexan Lofts | Houston |
| 130. | Alexan Piney Creek* | Houston |
| 131. | Collingham Park Apartments | Houston |
| 132. | Concord at Allendale | Houston |
| 133. | Deerwood Pines Apartments | Houston |
| 134. | Highland Meadow Village | Houston |
| 135. | Old Farm | Houston |
| 136. | Park at Fallbrook Apartments | Houston |
| 137. | Park At North Vista | Houston |
| 138. | Park at Woodwind Lakes | Houston |
| 139. | The Belmont | Houston |
| 140. | The Carlton | Houston |
| 141. | The Reserve at Woodwind Lakes | Houston |
| 142. | Verandas at Old Farm | Houston |
| 143. | Western Ridge | Houston |
| 144. | Wynhaven at West Oaks | Houston |
| 145. | Park At Humble [#] | Humble |
| 146. | Mission at La Villita* [#] | Irving |
| 147. | Alexan Downs | Katy |
| 148. | Reserve at Charles Place* | Plano |
| 149. | Towns Of Chapel Hill* | Plano |
| 150. | Saddle Ridge Apartments | San Antonio |
| 151. | Alexan Springs (*aka* Spring Creek) | Spring |
| 152. | Alexan Stafford | Stafford |
| 153. | The Park at Fort Bend Apartments | Stafford |
| 154. | The Pointe at Fountain Lake | Stafford |
| 155. | The Reserve at Fountain Lake | Stafford |
| 156. | Alexan Landing | Webster |

**Virginia**

| | | |
|---|---|---|
| 157. | Bent Tree | Centreville |
| 158. | Alexan Eisenhower (*aka* Reserve at Eisenhower) Alexandria | |

**Washington**

| | | |
|---|---|---|
| 159. | Rock Meadow | Bothell |
| 160. | The Hearthstone at Merrill Creek | Everett |

| | | |
|---|---|---|
| 161. | High Grove | Everett |
| 162. | Wild Reed | Everett |
| 163. | Wynhaven | Issaquah |
| 164. | Brandemoore | Lynwood |
| 165. | Wild Wood | Lynwood |
| 166. | Avalon Bear Creek | Redmond |
| 167. | Heights at Bear Creek | Redmond |
| 168. | Parc Square | Redmond |
| 169. | Pebble Cove | Renton |
| 170. | Elliott Bay Plaza | Seattle |
| 171. | The Park at Mill Plain* | Vancouver |

**Wisconsin**

| | | |
|---|---|---|
| 172. | Ravinia | Greenfield |

**Addendum B To Complaint:**
**Current or Former Trammell Crow Properties About Which Plaintiff**
**Seeks Additional Information**


## Arizona

|     |                      |              |
|-----|----------------------|--------------|
| 1.  | Alexan Pecos Springs | Chandler     |
| 2.  | Alexan Belleview     | Phoenix      |
| 3.  | Pinnacle Grove       | Tempe        |


## California

|     |                          |                |
|-----|--------------------------|----------------|
| 4.  | Alexan Fontaine          | Marina Del Ray |
| 5.  | Alexan Sevilla           | Chula Vista    |
| 6.  | Benton in Fremont        | Fremont        |
| 7.  | Los Arbolitos Apartments | La Verne       |
| 8.  | Alexan City Place        | Pasadena       |
| 9.  | Alexan Park Central      | Petaluma       |
| 10. | Alexan Villa Del Sol     | Sunnyvale      |
| 11. | Miramonte Apartments     | Alta Loma      |
| 12. | The Verandas             | West Covina    |
| 13. | Alexan Pacific Grove     | Orange         |


## Colorado

|     |                     |             |
|-----|---------------------|-------------|
| 14. | Alexan Castle Pines | Castle Rock |
| 15. | Conifer Creek       | Aurora      |


## Florida

|     |                                |                 |
|-----|--------------------------------|-----------------|
| 16. | Centergate Aventura            | Aventura        |
| 17. | Watermark 6000                 | Brandon         |
| 18. | Newport Colony                 | Casselberry     |
| 19. | Centergate Celebration         | Celebration     |
| 20. | Images                         | Kissimmee       |
| 21. | Cobblestone Crossing           | Lake Mary       |
| 22. | Alexan Club at Maitland Center | Maitland        |
| 23. | Centergate Doral               | Miami           |
| 24. | Centergate Deer Creek          | Deerfield Beach |
| 25. | Alexan at Coral Gables         | Miami           |
| 26. | Monte Vista Apartments         | Orlando         |
| 27. | Centergate MetroWest           | Orlando         |
| 28. | Alexan at Maitland Crossing    | Orlando         |
| 29. | Alexan at World Gateway        | Orlando         |

30. The Tradition                                      Orlando
31. Lakes at Pembroke                                  Pembroke Pines
32. Alexan at Highland Oaks                            Tampa
33. Polo Lakes at Wellington                           Wellington
34. Calibre Bend                                       Winter Park
35. Alexan at Crescent Place                           Riverview

**Georgia**

36. Alexan Terrace                                     Atlanta
37. Parkwood Place                                     Atlanta
38. Centergate Morgan Falls                            Atlanta
39. Gables Court                                       Peachtree City

**Maryland**

40. The Chase at Bethesda                              Bethesda
41. The Meadows at Russett (aka Centergate Russett)    Laurel
42. Centergate King Farm                               Rockville

**Massachusetts**

43. Whitney on Main Apartments                         Watertown

**New Jersey**

44. The Pierre Apartments                              Hackensack

**New York**

45. Ridgeview Apartments                               Elmsford
46. Alexan Brookhaven                                  Bellport

**North Carolina**

47. The Stratford                                      Cary
48. Alta Forest                                        Charlotte
49. Alta Haven                                         Charlotte
50. First Ward Place                                   Charlotte
51. Lexington at Mallard Creek                         Charlotte
52. Oak Park at Briarcreek                             Charlotte
53. Oak Park at Nation's Ford                          Charlotte
54. The Reserve at Waterford                           Charlotte
55. Waterford Lakes                                    Charlotte
56. Emerald Forest                                     Durham
57. Triangle Pointe                                    Durham

|   |   |
|---|---|
| 58. Brassfield Park | Greensboro |
| 59. Alta Braden at Rosedale Commons | Huntersville |
| 60. Woodway Point | Matthews |
| 61. Alta Seasons | Morrisville |
| 62. The Waterford | Morrisville |
| 63. Autumn River | Raleigh |
| 64. Barrington Place | Raleigh |
| 65. Lexington Farms | Raleigh |

**Oregon**

|   |   |
|---|---|
| 66. Reflections of Summercreek | Beaverton |
| 67. Wilsonville Summit | Wilsonville |

**Pennsylvania**

|   |   |
|---|---|
| 68. Riverview Landing | Valley Forge |

**South Carolina**

|   |   |
|---|---|
| 69. The Tradition at Summerville | Summerville |
| 70. Ashley Knoll | Charleston |
| 71. River Oaks | Mount Pleasant |
| 72. Alexan Belle Hall | Mount Pleasant |
| 73. Paces Watch | Mount Pleasant |
| 74. Palmetto Pointe | Myrtle Beach |
| 75. Brookstone Apartments | Rock Hill |

**Tennessee**

|   |   |
|---|---|
| 76. Alexan Wolf River | Memphis |
| 77. Wyndchase Aspen Grove | Franklin |
| 78. Coventry Village | Memphis |
| 79. Gardens of Green Hills | Nashville |
| 80. Gardens of Hillsboro Village | Nashville |

**Texas**

|   |   |
|---|---|
| 81. Alexan Congress | Austin |
| 82. Alexan Mira Vista | Austin |
| 83. Centergate Quarry Oaks | Austin |
| 84. Centergate Chimney Hill | Dallas |
| 85. Reserve at Park Central | Dallas |
| 86. Commons on Whitehurst | Dallas |
| 87. The Reserve | Dallas |
| 88. Ventana Apartment Homes | Dallas |

89. Reserve at White Rock           Dallas
90. Silverton Village           Ennis
91. Equinox on the Park           Garland
92. Silver Oaks at Grapevine Ranch           Grapevine
93. Concord at Del Rio           Houston
94. Providence Uptown           Houston
95. The Mills           Houston
96. Villas at Beaver Creek           Irving
97. Alexan Vista Ridge           Lewisville
98. Alexan Town East           Mesquite
99. Centergate Spring Creek           Plano
100. Los Rios Park           Plano
101. Alexan Meadows           Stafford
102. Tiffany Square           Terrell

**Virginia**

103. The Jefferson at Van Dorn           Alexandria
104. Alexan Fairfax Ridge           Fairfax
105. Alexan Reston Town Center           Reston
106. Harbour Breeze           Suffolk
107. Alexan Virginia Center           Vienna
108. Alta at Towne Square           Virginia Beach

**Washington**

109. Summerwalk at Klahanie           Issaquah
110. The Spinnaker           Kirkland
111. LionsGate North           Redmond
112. Alexan Lake Washington           Renton

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| The Equal Rights Center | Trammell Crow Residential Company |

| | |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Peter B. Work<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>(202) 624-2500 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

● 3 Federal Question
   (U.S. Government Not a Party)

○ 2 U.S. Government
   Defendant

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If<br>　　Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or<br>　　defendant<br>☐ 871 IRS-Third Party 26<br>　　USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure<br>　　of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational<br>　　Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC<br>　　Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced &<br>　　Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>　　Exchange<br>☐ 875 Customer Challenge 12 USC<br>　　3410<br>☐ 900 Appeal of fee determination<br>　　under equal access to Justice<br>☐ 950 Constitutionality of State<br>　　Statutes<br>☐ 890 Other Statutory Actions (if<br>　　not administrative agency<br>　　review or Privacy Act |

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☒ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — DEMAND $ _____ Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 7/9/07  SIGNATURE OF ATTORNEY OF RECORD *Peter B. Work*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.